The moving affidavit made a fair case for the exercise of this power by the court, and the order appealed from should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

HENRY A. POWELL, as Assignee of JOHN C. PROVOST, Respondent, *v.* JOHN P. SCHENCK, Appellant.

*Bill of particulars denied when the applicant has a better knowledge of the facts than his adversary.*

Where it appears from the nature of the pleadings and from the facts shown upon an application for a bill of particulars that the party demanding it has presumably a better knowledge of the items of an account than his adversary, the demand for such a bill of items will be refused.

BROWN, P. J., dissenting.

APPEAL by the defendant, John P. Schenck, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of April, 1895, granting the plaintiff's motion requiring the defendant to serve a bill of particulars.

*George A. Stearns*, for the appellant.

*Gustave Hurlimann* and *James C. Foley*, for the respondent.

PRATT, J.:

The complaint is on six promissory notes. The answer is that the notes were given to accommodate the payee, who was at the time selling goods to the maker; that the balance of indebtedness was to be adjusted by an accounting, and that the maker had paid more of the notes than the amount of goods delivered.

Thereupon the plaintiff moves that defendant serve a bill of particulars of the goods delivered, etc.

We are not able to see that plaintiff requires any bill of particulars. If defendant is not able to prove the notes to be accommodation the plaintiff will get judgment for their face. If defendant proves them to be accommodation the plaintiff will reply by showing the amount of goods delivered. In that case a bill of items from plaintiff might be convenient, but that is not asked.

Moreover, it is shown that plaintiff has full books of account, and that defendant did not keep accounts of the transactions, but relied upon those of the other party.

Order appealed from reversed and motion for bill of particulars denied, with ten dollars costs and disbursements of appeal.

DYKMAN, J., concurred; BROWN, P. J., dissented.

Order reversed and motion denied, with ten dollars costs and disbursements.